[Cite as *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 2011-Ohio-4769.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DUN-RITE CONSTRUCTION, INC.

    Appellee

    v.

HOOVER LAND COMPANY

    Appellant

C.A. No.     25731

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-09-5990
               CV 2009-07-5190

DECISION AND JOURNAL ENTRY

Dated: September 21, 2011

CARR, Presiding Judge.

{¶1}  Appellant, Hoover Land Company ("HLC"), appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}  On July 13, 2009, HLC filed a complaint (case number CV 2009-07-5190) against Anthony Umina and appellee, Dun-Rite Construction, Inc. ("Dun-Rite"), alleging fraud in the inducement of a snow removal contract.  On September 25, 2009, Mr. Umina and Dun-Rite filed a motion to stay the proceedings pursuant to R.C. 2711.02(B) for the reason that the contract dispute underlying HLC's claims was subject to mandatory arbitration.  Mr. Umina and Dun-Rite attached a copy of their June 10, 2009 demand for arbitration which they had sent to the American Arbitration Association and counsel for HLC, as well as HLC's answering statement to the nature of the dispute alleged in the demand for arbitration.  Also on September 25, 2009, Mr. Umina and Dun-Rite filed an answer to HLC's complaint, denying the allegations of fraud

and raising various defenses, including assertions that HLC's claims were required to be arbitrated and were barred by HLC's breach of contract and bad faith. On October 19, 2009, the trial court granted the motion to stay the proceedings pending arbitration. HLC did not appeal from the trial court's order granting the stay.

{¶3} On September 2, 2010, Dun-Rite filed a complaint (case number CV 2010-09-5990) against HLC to confirm an arbitration award pursuant to R.C. 2711.09. Dun-Rite appended a copy of the arbitrator's award which awarded to Dun-Rite the sum of $4,802.04 plus fees and expenses associated with the arbitration. The award further denied HLC's claims for breach of contract, fraud, and fraud in the inducement. HLC filed an answer to the complaint. Upon agreement of the parties, the trial court consolidated case number CV 2010-09-5990 with case number CV 2009-07-5190. On November 18, 2010, the trial court entered an order confirming the arbitrator's award. HLC appealed from that order, raising one assignment of error for review.

II.

### ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENTERING ITS JUDGMENT CONFIRMING AN ARBITRATION AWARD THAT INCLUDED CLAIMS AND PARTIES NOT SUBJECT TO ARBITRATION AND/OR BY ENTERING FINAL JUDGMENT WHEN THERE WERE REMAINING UNDECIDED CLAIMS."

{¶4} HLC argues that the trial court erred by confirming the arbitrator's award because the claims were not subject to arbitration under the contract's arbitration clause and/or the arbitrator's award left some claims unresolved. HLC's arguments are not well taken.

{¶5} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio

St.2d 184, 186. This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M. "An order is a final appealable order if it affects a substantial right and in effect determines the actions and prevents a judgment." *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 229.

{¶6} HLC argues that the arbitrator's award, which the trial court confirmed, fails to resolve all pending claims against all parties. Civ.R. 54(B) allows a trial court to enter a final judgment as to fewer than all the claims or parties only upon the "express determination that there is no just reason for delay." The rule continues:

> "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B).

{¶7} In this case, the trial court's November 18, 2010 order confirming the arbitrator's award contains the express determination that "[t]here is no just reason for delay." Even if some claims remained pending after the trial court issued its confirmation order, the order includes the requisite language pursuant to Civ.R. 54(B) to confer upon this Court jurisdiction to address the appeal. Here, however, the arbitrator's award expressly disposed of all of HLC's claims alleged in its complaint. Accordingly, because the issues involving all claims and parties were disposed, even in the absence of any express determination that there is no just reason for delay, this Court has jurisdiction to address the appeal.

**{¶8}** This Court, however, need not address the merits of the remaining argument because HLC's argument is barred by the doctrine of res judicata. The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. *State v. Zhao*, 9th Dist. No. 03CA008386, 2004-Ohio-3245, at ¶7, citing *State v. Meek*, 9th Dist. No. 03CA008315, 2004-Ohio-1981.

**{¶9}** R.C. 2711.02(B) provides: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(C) provides, in relevant part: "[A]n order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration *** is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

**{¶10}** The trial court granted Dun-Rite's motion to stay the matter involving HLC's complaint alleging fraud on October 19, 2009. That order constituted a final order from which HLC might have appealed. See R.C. 2711.02(C). The determination to stay the case necessarily implicated the arbitrability of the issues. This Court has adopted the Ohio Supreme Court's holding that, absent a specific agreement to the contrary, the question of whether a matter is subject to arbitration is an issue for judicial determination. *Bachrach v. Cornwell Quality Tool Co.*, 9th Dist. No. 25444, 2011-Ohio-2498, at ¶5, citing *Acad. of Med. of Cincinnati v. Aetna Health Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, at ¶12. HLC failed to appeal the order

granting the stay. The company, therefore, failed to challenge any determination regarding the arbitrability of its claims. The doctrine of res judicata bars HLC's current challenge to the arbitrability of its claims because that issue could have been fully litigated on direct appeal from the October 19, 2009 order. Consequently, HLC's sole assignment of error is overruled.

III.

{¶11} HLC's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES:</u>

DEAN S. HOOVER, Attorney at Law, for Appellant.

R. BRIAN BORLA, Attorney at Law, for Appellee.