[Cite as *Heller v. Pre-Paid Legal Servs., Inc.*, 2013-Ohio-680.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAWN M. HELLER

    Appellant

    v.

PRE-PAID LEGAL SERVICES, INC., et al.

    Appellees

C.A. No.    26376

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 11 6514

DECISION AND JOURNAL ENTRY

Dated: February 27, 2013

MOORE, Presiding Judge.

{¶1} Appellant Dawn Heller appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In April, 2011, Ms. Heller obtained a membership in a pre-paid legal service, administered by appellees Pre-Paid Legal Services, Inc. ("Pre-Paid") and its subsidiary Ohio Access to Justice ("OAJ"). Soon thereafter, Ms. Heller requested legal services regarding a foreclosure matter and a car accident. Pre-Paid referred the matters to appellee law firm Maguire and Schneider, LLP ("Maguire"), in Columbus, which in turn referred the matters to various local attorneys. Dissatisfied with the legal services rendered by all the attorneys to which her matters had been referred, in July, 2011, Ms. Heller filed a legal malpractice action against Pre-Paid, OAJ, and Maguire in case number CV 2011-07-3977. She represented herself in that lawsuit.

{¶3} Maguire filed an answer in which it raised an affirmative defense as to lack of subject matter jurisdiction. In lieu of an answer, Pre-Paid and OAJ filed a motion to dismiss pursuant to Civ.R. 12(B)(1) in which they argued that, because all of Ms. Heller's claims were subject to mandatory arbitration under the terms of the membership agreement, the trial court lacked subject matter jurisdiction to proceed. In the alternative, Pre-Paid and OAJ moved the trial court to stay the proceedings and compel arbitration.

{¶4} Ms. Heller filed a brief in opposition to the motion to dismiss in which she (1) challenged the validity of the legal services membership contract, and consequently the arbitration provision therein, and (2) argued the merits of her underlying legal malpractice claims. She further filed a motion to compel the joinder of the parties she had already named as defendants. In her joinder motion, she also argued that the arbitration clause in her membership contract with Pre-Paid was unconscionable because it had not been disclosed to her, the agreement contained no signature, the contract was not in writing, she did not have the opportunity for representation by attorneys she chose, and she had no bargaining power in negotiating the membership contract.

{¶5} In a September 26, 2011 order, the trial court recited the arbitration clause of the membership agreement which required that all disputes or claims between Ms. Heller and Pre-Paid or its affiliates arising out of the contract or services rendered under the contract must be resolved pursuant to arbitration. The trial court found that Maguire was an affiliate of Pre-Paid and OAJ. Further finding that "this matter must be dismissed in favor of the parties' selection of arbitration as the preferred manner to resolve any dispute arising from their contract[,]" the trial court dismissed Ms. Heller's claims pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction. The trial court made no express ruling on Pre-Paid's motion to stay and compel

arbitration or Ms. Heller's motion to compel joinder, although presumably it concluded that those motions were of no effect given its belief that it lacked subject matter jurisdiction over the case. Significantly, no party appealed the trial court's dismissal of case number CV 2011-07-3977.

{¶6} In November, 2011, Ms. Heller refiled her legal malpractice action in case number CV 2011-11-6514 against the above-named parties, plus 20 John Doe defendants alleged to have been referred by Maguire to render her legal services pursuant to the membership agreement. In addition, she sought a declaration from the court that the arbitration clause in her membership agreement was unconscionable and, therefore, unenforceable. She was represented by counsel in the second lawsuit.

{¶7} Maguire answered and raised res judicata as an affirmative defense. The law firm subsequently filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted on the basis of res judicata. The firm appeared to argue that the underlying claim of legal malpractice was barred by the doctrine of res judicata based on the trial court's prior dismissal of Ms. Heller's claims. In the alternative, it argued that, if the trial court determined that the matter may be relitigated, the firm thereby incorporated the arguments it presented in the original filing. Maguire, however, merely filed an answer in the first suit. The two suits were not consolidated, and Maguire did not attach any documents evidencing any prior arguments.

{¶8} Ms. Heller opposed Maguire's motion to dismiss on two bases. First, she argued that the trial court's prior dismissal pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction did not constitute a dismissal on the merits; accordingly, the doctrine of res judicata

was not applicable to bar her second suit. Second, she argued that a party may not premise a motion to dismiss on the doctrine of res judicata.

{¶9} In lieu of an answer, Pre-Paid and OAJ filed a motion to dismiss the refiled complaint, although they emphasized that their motion was not made pursuant to Civ.R. 12(B), but rather pursuant to the Federal Arbitration Act ("FAA") and Ohio law governing the arbitration of disputes. At another point, Pre-Paid/OAJ asserted that their motion was a "motion to enforce arbitration." They argued that the trial court previously "decreed" that Ms. Heller's claims were subject to arbitration when it dismissed her first suit, so that the second suit was barred by the doctrine of res judicata. The motion further sought dismissal pursuant to federal case law recognizing the propriety of dismissal when all claims are subject to arbitration.

{¶10} Ms. Heller opposed Pre-Paid/OAJ's motion to dismiss. She argued that the crux of the motion to dismiss was that the membership contract which contained an arbitration clause was enforceable, so the trial court had no jurisdiction to proceed. Accordingly, Ms. Heller argued that the motion was effectively made pursuant to Civ.R. 12(B)(1). She opposed the motion on three bases. First, she argued that the FAA contemplates that various reasons will justify finding an arbitration clause to be unenforceable and that dismissal pursuant to the FAA was not proper in this case. Second, she argued that, because the trial court based its prior dismissal on Civ.R. 12(B)(1), the dismissal was other than on the merits, precluding the application of res judicata to the second suit. Finally, she argued that res judicata may not be raised in a motion to dismiss.

{¶11} Pre-Paid/OAJ moved to strike Ms. Heller's brief in opposition, arguing that it was untimely and not responsive to the issue of preclusion. They asserted that their motion had

argued only that the issue of the arbitrability of the claims was subject to preclusion, not that the underlying legal malpractice claims were precluded.

{¶12} The trial court granted the defendants' motions to dismiss. The court acknowledged that its prior dismissal of the first suit pursuant to Civ.R. 12(B)(1) was not a dismissal on the merits of the underlying claims. However, it agreed with Pre-Paid/OAJ's argument that res judicata barred reconsideration of the issue of the arbitrability of the underlying legal malpractice claims. Asserting that it had found in the first action that Ms. Heller's claims were subject to arbitration, it reasoned that the issue of arbitration was barred by res judicata. Accordingly, it dismissed the second suit without prejudice, further stating that there was nothing in the court's first or second dismissal orders that prevented Ms. Heller from initiating arbitration proceedings. The trial court did not issue an order compelling arbitration.

{¶13} Ms. Heller purported to appeal the trial court's orders in both case numbers CV 2011-07-3977 and CV 2011-11-6514. She failed, however, to file a notice of appeal in the record of the first case. Moreover, had she actually filed her notice of appeal in case number CV 2011-07-3977 at the same time she filed the notice in case number CV 2011-11-6514, it would have been untimely. *See* App.R. 4. However, she filed a timely appeal from the trial court's order in case number CV 2011-11-6514.

II.

{¶14} Ms. Heller sets out four lengthy and somewhat confusing "Errors of the Court" which we decline to reiterate here. None of her arguments compel reversal of the trial court's judgment.

{¶15} In her first assigned error, Ms. Heller argues that the trial court erred by failing to properly join the parties she sued to allow for a proper assumption of liability. It is unclear why

she sought the joinder of parties who were already parties to the action. Nevertheless, this Court declines to address the merits of this assigned error because Ms. Heller only moved for joinder in case number CV 2011-07-3977, and she failed to timely appeal from the judgment in that case. Because her appeal is untimely in regard to this issue, this Court lacks jurisdiction to address the issue on its merits. *Blair v. Wallace*, 9th Dist. No. 24819, 2010-Ohio-2734, ¶ 10.

{¶16} In her second and fourth assigned errors, Ms. Heller raises two issues. First, she appears to challenge the trial court's determination regarding the issue of personal jurisdiction. "Issues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellant[] proceeded below cannot be raised for the first time on review." *Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.*, 175 Ohio St. 179 (1963), syllabus. As no party below raised the issue of personal jurisdiction, and the trial court did not consider it, this Court is precluded from considering the issue for the first time on appeal.

{¶17} Second, Ms. Heller raises the issue of the enforceability of the arbitration clause in the membership contract. This appears also to be the issue she raises in her third assigned error. Her arguments in this regard are barred by the doctrine of res judicata.

{¶18} Under the doctrine of res judicata, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. However, the dismissal of an action on the basis of the lack of subject matter jurisdiction operates as a judgment other than on the merits. Civ.R. 41(B)(4). Accordingly, "a dismissal for lack of jurisdiction is not res judicata to a subsequent action." *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson Cty. Mental Health, Alcohol and Drug*

*Addiction Bd.*, 7th Dist. No. 01 JE 5, 2002-Ohio-1567, ¶ 11, citing *State ex rel. Schneider v. Bd. of Edn.*, 39 Ohio St.3d 281 (1988).

{¶19} There is a narrow exception to this general proposition of law. Issue preclusion (or collateral estoppel), which bars reconsideration of issues necessarily determined in a prior action, is applicable to bar the redetermination of the issue concerning the scope of the court's jurisdiction. *Diagnostic* at ¶ 12. Therefore, if a court has determined that it does not have jurisdiction to consider the merits of an action, a party is precluded from seeking a determination in a subsequent action regarding the court's jurisdiction. The party's only recourse is to appeal the trial court's determination regarding its jurisdiction; it may not refile the action and relitigate the issue of jurisdiction. Moreover, any issues underlying and on which the court premised its determination regarding its lack of jurisdiction are dispositive and retain a preclusive effect. *Id.* at ¶ 13 (concluding that the issue of the Board's status as a state agency, on which the court of common pleas premised its determination that the court of claims' exclusive jurisdiction over the underlying matter divested it of subject matter jurisdiction, was preclusively determined and could not be challenged again).

{¶20} In this case, the trial court dismissed Ms. Heller's complaint in case number CV 2011-07-3977 after concluding that it lacked subject matter jurisdiction to consider the merits of her legal malpractice claims. Pre-Paid/OAJ had argued that federal law supports the dismissal of a case when all claims are referable to arbitration. While many federal courts stay proceedings pending arbitration, the court may instead dismiss a case upon request of a party instead of staying the proceedings if all claims are referable to arbitration. *See e.g., Stachurski v. DirecTV, Inc.*, 642 F.Supp.2d 758, 764 (N.D.Ohio 2009) (recognizing the functional propriety of dismissal

where all claims "are within the scope of the arbitration agreement and 'there is "nothing left for the district court to do but execute judgment[.]"'").

**{¶21}** The trial court premised its conclusion that it lacked subject matter jurisdiction on its determination that Ms. Heller's claims were subject to mandatory arbitration pursuant to the arbitration clause in the pre-paid legal services membership contract. The court acknowledged the arbitration agreement between the parties and discussed on the record the preference in Ohio for parties to resolve their differences through arbitration where the contract calls for such. Accordingly, the trial court implicitly determined that the arbitration clause was valid, enforceable, and not otherwise void. This Court has recognized a trial court's necessary determination that an arbitration clause was valid where the court granted the defendant's motion to stay and compel arbitration and the plaintiff did not appeal the granting of the defendant's motion. *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. No. 25731, 2011-Ohio-4769, ¶ 10. We then concluded that the plaintiff's challenge to the arbitrability of the claims in its appeal from the trial court's judgment confirming the arbitrator's award was barred by res judicata. *Id*.

**{¶22}** In this case, the trial court determined that the arbitration clause was valid when it dismissed Ms. Heller's legal malpractice claims after finding that the parties chose arbitration as the preferred manner of resolving any disputes. The underlying finding that the arbitration clause was valid and enforceable formed the basis for the trial court's conclusion that it lacked subject matter jurisdiction to address Ms. Heller's claims. No party appealed the trial court's dismissal for lack of subject matter jurisdiction. Accordingly, irrespective of whether that dismissal was legally correct, that determination, and the determination of any issues on which the dismissal was premised, have been conclusively determined and may not be relitigated.

Therefore, Ms. Heller is collaterally estopped from arguing on appeal that the trial court erred by dismissing her second case because the arbitration clause was unconscionable and void.

{¶23} Finally, Ms. Heller raises issues such as fraud, illegal use of trade names, improper venue, choice of law, improper licensure, and nullification in the body of her argument. These arguments, however, are beyond the scope of her assigned errors and this Court, therefore, need not address them. *Rusov v. Ansley*, 9th Dist. No. 23748, 2007-Ohio-7022, ¶ 7; *see also* App.R. 16(A)(3) and (7). Moreover, as none of these issues were raised below, Ms. Heller cannot raise them for the first time on appeal. *Republic Steel Corp.*, 175 Ohio St. at syllabus.

{¶24} The dissent correctly identifies the procedural problems that plague the two cases below, and we are mindful of what might appear to be an inequitable result. It is a close call whether this case falls into the very limited category of cases which demand abrogation of the doctrine of res judicata. However, the omission of these arguments on appeal tips the scale in favor of application of the doctrine. Based on the above reasoning and analysis, Ms. Heller's assigned errors are overruled.

III.

{¶25} Ms. Heller's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

CARLA MOORE
FOR THE COURT

BROGAN, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶26} I concur with the majority's conclusion that this Court may not consider the merits of Ms. Heller's arguments on appeal that were either not timely raised or not determined by the trial court.

{¶27} I respectfully dissent from the majority's conclusion that Ms. Heller's argument that the arbitration provision is unconscionable and void is barred by the doctrine of res judicata. I would decline to apply res judicata under the circumstances of this case because the interests of justice and fairness mitigate against its rigid application. *See State ex rel. Estate of Miles v.*

*Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, ¶ 30 ("The binding effect of res judicata has been held not to apply when fairness and justice would not support it."); *Builders Dev. Group L.L.C. v. Smith*, 2d Dist. No. 23846, 2010-Ohio-4151, ¶ 14-15.

{¶28} This Court has held that, when claims are subject to arbitration pursuant to the parties' agreement, "the proper procedure is for a trial court to stay the proceedings and send the parties to arbitration." *Morris v. Vinray Gen. Contractors*, 9th Dist. No. 18435, 1998 WL 15608 (Jan. 7, 1998). We further held that a trial court's dismissal for lack of subject matter jurisdiction under those circumstances is "erroneous." *Id.*; *see also Didado v. Lamson & Sessions Co.*, 81 Ohio App.3d 302, 305 (9th Dist.1992) (reversing a jury verdict in favor of the plaintiff and remanding for the trial court to enter an order referring the cause to arbitration, but not for an order dismissing the complaint for lack of subject matter jurisdiction as requested by the defendant on appeal).

{¶29} In the first action filed by Ms. Heller, the trial court did precisely what this Court has recognized as "erroneous;" instead of ordering the matter to arbitration, it dismissed the action for lack of subject matter jurisdiction based on its implicit finding that the arbitration clause was valid. As that erroneous dismissal formed the basis for the finding that consideration of the validity of the arbitration clause was barred by the doctrine of res judicata, I would conclude that strict application of the doctrine would be unjust.

{¶30} Moreover, case number CV 2011-11-6514, the subject of this appeal, was riddled with procedural missteps. After Ms. Heller refiled her claims, Maguire answered and raised the affirmative defense of res judicata, thereby preserving the issue to raise it in a later, appropriate dispositive motion. *See* Civ.R. 8(C). Instead, the law firm filed a motion to dismiss on the basis of res judicata in a Civ.R. 12(B)(6) motion. The Ohio Civil Rules of Procedure are clear that a

party wishing to raise a defense of the type enumerated in Civ.R. 12(B) may do so by motion, but that the motion must be made "before pleading," i.e., before filing an answer. Accordingly, Maguire's motion to dismiss pursuant to Civ.R. 12(B)(6) was not properly before the trial court for consideration because it was not timely filed. Moreover, it is well established that "the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991). Therefore, I would conclude that the trial court erred by granting Maguire's motion to dismiss.

{¶31} Pre-Paid/OAJ, on the other hand, declined to file an answer, choosing instead to file a motion to dismiss. As the only proper motion to dismiss in lieu of an answer must be filed pursuant to Civ.R. 12(B), Pre-Paid's motion must be construed as a Civ.R. 12(B) motion. Their mere adamant assertions to the contrary that they were not seeking relief pursuant to Civ.R. 12(B) did not make it so.

{¶32} Pre-Paid characterized the motion in two ways. First, the entities asserted that it was a "motion to enforce arbitration." If so, the trial court was limited to either staying the matter and compelling arbitration or denying a stay and proceeding on the merits of that action. *See Vinray Gen. Contractors, supra*.

{¶33} Second, Pre-Paid asserted that it filed its motion to dismiss pursuant to the Federal Arbitration Act ("FAA") and, without elaboration, Ohio law. The FAA, however, was merely the substantive law underlying the motion to dismiss. Just like Ohio arbitration law, which requires the court to stay the action and refer the matter for arbitration, the FAA provides, in relevant part: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or

proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement * * *." 9 U.S.C. 3. In seeking relief, Pre-Paid/OAJ were still bound by Ohio procedural law. Accordingly, if it sought to dismiss the action, it had to comply with the Ohio Rules of Civil Procedure, which implicated a motion to dismiss pursuant to Civ.R. 12(B). As discussed above, however, a party may not seek dismissal of an action on the basis of res judicata by way of a motion to dismiss pursuant to Civ.R. 12(B).

{¶34} Only Maguire properly preserved the affirmative defense of res judicata in the second action. Had Pre-Paid/OAJ filed an answer, they could have preserved the defense, but they failed to do so. Assuming the affirmative defense was preserved, the matter could only have been disposed pursuant to an appropriate dispositive motion, specifically by way of a motion for summary judgment. Based on the procedural posture of the case below, however, the trial court erred in granting both motions to dismiss on the basis of res judicata.

{¶35} I recognize that Ms. Heller has not raised any of these issues on appeal. Nevertheless, I would construe her broad argument that the trial court failed to hear the action as a plea for justice. In the interests of justice and fairness, I would decline to apply the doctrine of res judicata in this case. Accordingly, I would reverse and remand the matter to the trial court for further proceedings.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

DAWN HELLER, pro se, Appellant.

D. CHERYL ATWELL and HOLLY MARIE WILSON, Attorneys at Law, for Appellee.

PETER J. COMODECA and DENEEN LAMONICA, Attorneys at Law, for Appellee.