[Cite as *U.S. Bank, Natl. Assn. v. Hull*, 2017-Ohio-2914.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

U.S. BANK, NATIONAL ASSN.

    Appellee

    v.

BRAD A. HULL, et al.

    Defendants

    and

LISA A. HULL

    Appellant

C.A. No.     16CA010979

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV178512

DECISION AND JOURNAL ENTRY

Dated: May 22, 2017

---

CALLAHAN, Judge.

{¶1} Appellant, Lisa Hull, nka Pavkovich, appeals the judgment entered in favor of Appellee, U.S. Bank, National Association ("the Bank"), in the Lorain County Court of Common Pleas. For the reasons set forth below, this Court affirms.

I.

{¶2} The Bank filed a foreclosure action against Lisa and Brad Hull, the mortgagors, in November 2012. At the time of the foreclosure filing, Lisa and Brad Hull were involved in divorce proceedings.

{¶3} Ms. Hull's divorce attorney filed an answer on her behalf on March 7, 2013. In this answer, she admitted the allegations in paragraph 1 of the complaint which stated "[the

Bank] is in possession of, and entitled to enforce, a note executed by the defendants, Brad A. Hull and Lisa A. Hull." A month later, Mr. Hull's divorce attorney filed an answer on behalf of both of them. Their joint answer denied for want of knowledge that the Bank had possession of and was entitled to enforce the note. Neither answer asserted standing as an affirmative defense.

{¶4}    After a number of pretrials, the Bank filed a motion for summary judgment. The Bank supported its motion for summary judgment with the affidavit from a representative of the Bank's servicing agent. As to standing, the representative averred that "[a]t the time of the filing of the complaint * * *, and to date, [the Bank] * * *, has been in possession of the Promissory Note." The defendants failed to file a response brief.

{¶5}    On October 24, 2013, the magistrate granted the Bank's summary judgment and the judge adopted the magistrate's decision and entered a decree of foreclosure. No appeal was filed. Sheriff's sales were scheduled and canceled during the next two years, three times because the Bank was "reviewing the file for loss mitigation options" with the homeowners and one time due to an investor-directed moratorium.[1]

{¶6}    Twenty-six months after the trial court granted summary judgment, Ms. Hull filed a motion to set aside the judgment and requested a hearing. The Bank opposed the motion. The trial court denied the motion without a hearing.

{¶7}    Ms. Hull timely appeals, raising one assignment of error for review.

---

[1] The Bank's brief indicates the sheriff's sales were canceled due to Lisa and Brad Hull's bankruptcy filings. However, the trial court's orders do not reflect that as the basis for canceling the sheriff's sales. Further, the docket contains only one notice of bankruptcy for Ms. Hull and it was filed after the Bank's motion to withdraw the fourth sheriff's sale.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SET ASIDE JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING.

{¶8} In her sole assignment of error, Ms. Hull argues the trial court erred by not holding a hearing on her Civ.R. 60(B) motion. She argues that she set forth operative facts in her motion and affidavit and was entitled to a hearing. This Court disagrees.

{¶9} In order to prevail on a Civ.R. 60(B) motion, the movant must establish that: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). However, "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 131 (1986).

{¶10} A movant does not have an automatic right to a hearing on a motion for relief from judgment. *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52 (9th Dist.1991), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Emphasis sic.) *Boster v. C & M Servs., Inc.*, 93 Ohio App.3d 523, 526 (10th Dist.1994); *see Fairbanks Capital Corp. v. Unknown Heirs at Law, Devisees, Legatees, Exrs. or Admrs. of Douglas*, 9th Dist. Summit No. 22733, 2005-Ohio-6459, ¶ 14.

{¶11} According to the trial court, "at no time [did Ms. Hull] identify any operative facts to show that she [was] entitled to relief under Civ.R. 60(B)(4) or (5)." Additionally, the trial court denied the motion as being an improper substitute for an appeal and barred by res judicata.

{¶12} On appeal, Ms. Hull limits her argument to the trial court's failure to conduct a hearing and relies solely on Civ.R. 60(B)(4). Ms. Hull ignores the trial court's determination that her Civ.R. 60(B) motion was barred by res judicata.

{¶13} This Court finds it is unnecessary to review whether the trial court abused its discretion in denying Ms. Hull's Civ.R. 60(B) motion without a hearing, because res judicata bars this Court's consideration of Ms. Hull's assigned error. "The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties." *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. Summit No. 25731, 2011-Ohio-4769, ¶ 8. "[L]ack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 25.

{¶14} In her Civ.R. 60(B) motion, Ms. Hull argued as a meritorious defense that the Bank lacked standing at the time it filed the foreclosure action. While Ms. Hull did not assert an affirmative defense for lack of standing, she admitted the Bank had standing in her original answer and then denied the Bank had standing in her subsequent answer. Based on her answers, Ms. Hull challenged the Bank's standing.

{¶15} In support of its summary judgment motion, the Bank submitted an affidavit setting forth its standing to bring the foreclosure action. Ms. Hull did not file any opposition to the Bank's summary judgment. The issue of standing could have been challenged at the dispositive motion stage, but was not.

{¶16} Further, Ms. Hull did not file an appeal of the trial court's decree of foreclosure. Instead, Ms. Hull waited twenty-six months to file her Civ.R. 60(B) motion, thereby rendering it a substitute for an appeal. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Kutcha*, 141 Ohio St.3d 75, 2014-Ohio-4275, at ¶ 16, citing *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8-9.

{¶17} Ms. Hull has not demonstrated the existence of an injustice so great as to warrant a departure from the application of res judicata. *See Kutcha* at ¶ 15. Instead, the record merely reflects that Ms. Hull failed to appeal the foreclosure judgment. However, Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Id*., citing *Ackermann v. United States,* 340 U.S. 193, 198 (1950).

{¶18} In this case, Ms. Hull filed a Civ.R. 60(B) motion in order to relitigate an issue that she had raised at the start of litigation, but failed to raise in response to the Bank's summary judgment motion and failed to pursue on appeal. Thus, the doctrine of res judicata bars her attempted collateral attack against the judgment in foreclosure. *See Kutcha* at ¶ 16; *see JP Morgan Grantor Trustee v. Sponseller*, 9th Dist. Summit No. 27244, 2014-Ohio-5533, ¶ 8, 10; *see Deutsche Bank Trust Co. Americas v. Ziegler*, 2d Dist. Montgomery No. 26287, 2015-Ohio-1586, ¶ 56, 62; *see Bank of New York Mellon v. McMasters*, 11th Dist. Lake No. 2014-L-112, 2015-Ohio-1769, ¶ 15-16; *see Bank of New York Mellon v. Hutchins*, 8th Dist. Cuyahoga No. 100435, 2014-Ohio-2765, ¶ 8, 10. Because res judicata bars this Court's consideration of Ms. Hull's assigned error, her assignment of error is overruled.

III.

{¶19} Ms. Hull's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARC E. DANN and EMILY WHITE, Attorneys at Law, for Appellant.

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellee.