[Cite as *Hoffman v. Tustin*, 2019-Ohio-2546.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JULIA HOFFMAN

    Appellee

    v.

MICHAEL TUSTIN

    Appellant

C.A. Nos.      28799
               29104

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2011-07-2007

DECISION AND JOURNAL ENTRY

Dated: June 26, 2019

---

TEODOSIO, Presiding Judge.

{¶1} Michael K. Tustin appeals the qualified domestic relations orders issued by the trial court on September 1, 2017, and the entry of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment. We affirm.

I.

{¶2} In 2011, Julia Tustin, nka Julia Hoffman, filed a complaint for divorce from Michael Tustin. After a 2013 trial, a decree of divorce was entered, followed by an appeal to this Court. We affirmed in part and reversed in part, remanding the case to the trial court to determine the duration of the marriage and to revisit its determination regarding the equitable division of marital property. After again proceeding to trial, the trial court issued a decree of divorce on April 8, 2016.

{¶3} The decree of divorce, in providing for the division of marital property, ordered that the parties' defined contribution retirement plans were to be divided equally, with Ms.

Hoffman to transfer to Mr. Tustin the amount of $103,436.62 in order to equalize the value of the accounts. The decree also provided that the parties were to each retain a motor vehicle, with Ms. Hoffman owing Mr. Tustin $2,040.00 to equalize the values. The trial court further found that Mr. Tustin owed Ms. Hoffman $7,101.42 for healthcare expenses, attorney fees, taxes, and insurance, and in offsetting that amount against the $2,040.00 owed to Mr. Tustin, granted judgment against Mr. Tustin in the amount of $5,661.25, plus statutory interest. The decree further provided that Ms. Hoffman's pension plan was to be divided equally by a qualified domestic relations order ("QDRO").

{¶4} Initially the parties submitted QDROs based upon the de facto marriage termination date of December 31, 2011, but were informed by QDRO Consultants that FirstEnergy Corp. was unable to calculate gains or losses on any participant accounts for periods prior to January 1, 2014. An amended savings plan QDRO replacing the date of December 31, 2011 with January 1, 2014, was submitted to the trial court on August 28, 2017, without the approval of Mr. Tustin, and the trial court filed the QDROs for both the savings plan and the pension plan on September 1, 2017.

{¶5} Mr. Tustin appealed the two QDROs to this Court. We stayed the matter upon the motion of the parties and remanded the case for proceedings related to a motion for relief from judgment filed by Mr. Tustin. On June 13, 2018, the trial court denied Mr. Tustin's motion for relief from judgment. Mr. Tustin subsequently filed a second appeal, this one with regard to the trial court's entry denying his motion for relief from judgment.

{¶6} At the outset we note that Mr. Tustin submitted the same brief with the same assignment or error for both appeals, making the two appeals duplicative. We therefore sua sponte consolidate the appeals.

## II.

### C.A. No. 28799

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED [MR. TUSTIN'S CIV.R. 60(B)] WITHOUT A HEARING.

{¶7} In the appeal C.A. No. 28799, Mr. Tustin appeals the QDROs issued by the trial court on September 1, 2017. Because Mr. Tustin's sole assignment of error argues only the issue of whether the trial court erred in denying Mr. Tustin's motion for relief from judgment without a hearing, the appeal presents no challenge to the orders issued by the trial court from which the appeal was taken. Mr. Tustin's assignment of error is therefore overruled.

### C.A. No. 29104

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED [MR. TUSTIN'S CIV.R. 60(B)] WITHOUT A HEARING.

{¶8} In his assignment of error, Mr. Tustin argues the trial court erred by failing to conduct a hearing on his Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶9} "To reverse the denial of a motion for relief under Civ.R. 60(B), we must find that the lower court abused its discretion." *Society Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418 (9th Dist.1989). "The trial court abuses its discretion when it does not grant a hearing on the motion where the movant alleges operative facts which would warrant relief under Civ.R. 60(B)." *Id*. However, "[a] party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing." *Valore v. Masink*, 9th Dist. Wayne No. 18719, 1998 WL 646760, *3 (Sept. 16, 1998). If "the movant does not provide operative facts which demonstrate that relief is warranted, the trial

court may deny the motion without holding a hearing." *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646 (8th Dist.1990). "All operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing." *Valore* at *3.

**{¶10}** In its order denying the Civ.R. 60(B) motion, the trial court noted that it was not required to grant an evidentiary hearing if Mr. Tustin did not allege operative facts that justified relief from judgment. Accordingly, the trial court found that Mr. Tustin's motion failed to allege a meritorious basis as to why he was entitled to passive growth on the amount he was awarded from Ms. Hoffman's defined contribution plan from the de facto termination date of marriage.

**{¶11}** Although Mr. Tustin is correct that the QDRO valuation date was January 1, 2014, and not the de facto termination of marriage date of December 31, 2011, he failed to show that he was entitled to any passive growth during this period. As noted by the trial court:

> With respect to retirement accounts, there is no controlling legal authority directing that any appreciation or depreciation in an account value between the date of judgment and the date of disbursement be shared equally between the spouses or, alternatively, directing that the benefit or loss go exclusively to the account-holder spouse. Rather, the issue is left to the discretion of the trial court.

*Sieber v. Sieber*, 12th Dist. Butler Nos. CA2014-05-106 and CA2014-05-114, 2015-Ohio-2315, ¶ 75. Although the trial court had discretion to order that any such appreciation or depreciation be shared equally, it did not do so here; there is no language in the decree addressing the issue. In addition, because the decree sets forth a sum certain awarded amount of $103,436.62, and does not provide for any additional calculation of passive growth on the account, the additional award that Mr. Tustin argues he was entitled to would be an impermissible modification of the decree.

{¶12} Mr. Tustin further argues that the QDRO erroneously assigns to Mr. Tustin the amount of $97,775.17, because the amount of $5,661.45, which had been awarded to Ms. Hoffman, was erroneously subtracted from the $103,436.62 awarded to Mr. Tustin. Mr. Tustin fails to provide us any argument in support of this blanket assertion of error, and fails to show that he alleged any operative facts to the trial court that would have entitled him to relief. Finally, Mr. Tustin states that the QDRO lists an incorrect filing date for the decree of divorce, but fails to provide any argument that such an error would be grounds for relief.

{¶13} As to the QDRO dividing Ms. Hoffman's pension plan, the trial court found that it could not discern an argument as to any meritorious claim or defense, and accordingly denied Mr. Tustin's motion with regard to the pension plan QDRO. Mr. Tustin raises no argument to the contrary.

{¶14} Mr. Tustin has failed to show that he alleged operative facts which would have warranted relief under Civ.R. 60(B). Therefore, we cannot conclude the trial court abused its discretion in denying Mr. Tustin's motion for relief from judgment without conducting a hearing. Mr. Tustin's assignment of error is overruled.

III.

{¶15} Mr. Tustin's assignment of error is overruled as to both C.A. No. 28799 and C.A. No. 29104. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

RHYS B. CARTWRIGHT-JONES, Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD and ERIN N. DAZEY, Attorneys at Law, for Appellee.