[Cite as *Wayne Metro. Hous. Auth. v. Ford*, 2021-Ohio-269.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WAYNE METROPOLITAN HOUSING
AUTHORITY

    Appellee

    v.

CLEMMA FORD

    Appellant

C.A. No.     19AP0059


APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2019 CV-G 001353

DECISION AND JOURNAL ENTRY

Dated: February 1, 2021


TEODOSIO, Judge.

**{¶1}** Defendant-Appellant, Clemma Ford, appeals from the judgment of the Wayne County Municipal Court, denying her Civ.R. 60(B) motion for relief from judgment. This Court affirms.

I.

**{¶2}** Ms. Ford signed a residential lease agreement with Plaintiff-Appellee, the Wayne Metropolitan Housing Authority ("Wayne Metropolitan"). In exchange for the benefit of public housing, she agreed to abide by certain terms and conditions that were either outlined in her lease agreement or separately attached to the agreement. Her lease agreement provided that her lease could be terminated "for serious or repeated violations of material terms of the Lease * * *."

**{¶3}** Wayne Metropolitan issued Ms. Ford a thirty-day notice, advising her of violations under the terms of her lease. She did not request a hearing on the notice. Following the expiration of the thirty-day period, Wayne Metropolitan served Ms. Ford with a notice to leave her premises.

The notice alleged that she had repeatedly violated the material terms of her lease by failing to pay her utility bill, by engaging in a physical altercation with a neighbor, and by not completing her required community service. When Ms. Ford failed to respond to the notice, Wayne Metropolitan filed a complaint for forcible entry and detainer.

{¶4} Ms. Ford did not file an answer to Wayne Metropolitan's complaint. An eviction hearing was set before a magistrate, and Ms. Ford failed to appear at the hearing. Based on the testimony and evidence presented by Wayne Metropolitan, the magistrate determined that Ms. Ford had forcibly and unlawfully detained the premises at issue.

{¶5} Almost immediately after the eviction hearing concluded, Ms. Ford filed pro se a motion with the court. She claimed that unforeseen circumstances had caused her to be late to court and that she had called twice to notify the court that she would be late. She also addressed the allegations in Wayne Metropolitan's complaint and briefly explained why she had not violated the material terms of her lease. Ms. Ford asked the court to rehear the matter to allow her to present evidence in her defense.

{¶6} The trial court entered judgment on the magistrate's decision without explicitly addressing Ms. Ford's pro se filing. Ms. Ford then filed a pro se objection to the magistrate's decision, arguing that Wayne Metropolitan lacked any legal ground upon which to evict her. She also retained counsel, and her attorney filed a motion for relief from judgment pursuant to Civ.R. 60(B). Wayne Metropolitan filed a response to the motion for relief from judgment. Upon review of the record, the trial court denied Ms. Ford's Civ.R. 60(B) motion.

{¶7} Ms. Ford now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING MS. FORD'S CIVIL RULE 60(B) MOTION WITHOUT HOLDING A HEARING.

{¶8} In her sole assignment of error, Ms. Ford argues that the trial court abused its discretion when it denied her Civ.R. 60(B) motion without first holding a hearing. We do not agree.

{¶9} The question of whether relief should be granted under Civ.R. 60(B) is one that falls squarely within the sound discretion of the trial court. *Hoffman v. Tustin*, 9th Dist. Summit No. 28799, 2019-Ohio-2546, ¶ 9. Consequently, this Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion for relief from judgment. *Smith v. Smith*, 9th Dist. Summit No. 28961, 2019-Ohio-129, ¶ 6. "The term 'abuse of discretion' * * * implies that the court's attitude [was] unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶10} To prevail on a Civ.R. 60(B) motion, a movant must establish that: (1) she has a meritorious defense or claim; (2) she is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) her motion has been made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "If any of these three requirements are not met, the motion must be denied." *U.S. Bank, Natl. Assn. v. Hull*, 9th Dist. Lorain No. 16CA010979, 2017-Ohio-2914, ¶ 9.

{¶11} "A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing." *Valore v. Masink*, 9th Dist. Wayne No. 18719, 1998 WL 646760, *3 (Sept. 16, 1998). "'It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the

motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B).'" (Emphasis sic.) *Hull* at ¶ 10, quoting *Boster v. C & M Servs., Inc.*, 93 Ohio App.3d 523, 526 (10th Dist.1994). "If 'the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing.'" *Hoffman* at ¶ 9, quoting *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646 (8th Dist.1990).

{¶12} Ms. Ford filed her motion for relief from judgment within ten days of the trial court's ruling and moved for relief pursuant to Civ.R. 60(B)(1). As to the issue of excusable neglect, she explained that she missed her eviction hearing because her babysitter did not show up and it took her time to find a last-minute replacement. She asserted that she called the court twice to notify the magistrate she was running late and arrived while the hearing was still in progress. Nevertheless, she contended, she was denied access to the courtroom. As to the meritorious defense issue, Ms. Ford argued that her utilities had never been shut off, she only acted in self-defense when a neighbor attacked her, and she was medically exempt from performing any community service work involving physical labor. Ms. Ford completed an affidavit and attached it to her motion. She also referred the court to documents she had attached to her objection to the magistrate's decision. Those documents consisted of papers pertaining to her utility payments and a doctor's note indicating that she was unfit to perform tasks requiring manual labor.

{¶13} In its response to Ms. Ford's motion, Wayne Metropolitan argued that she had failed to set forth evidence of a meritorious defense that would warrant relief from judgment. Wayne Metropolitan noted that, prior to the eviction hearing, Ms. Ford had never claimed to be medically exempt from community service. It attached to its response a community service requirement certification that Ms. Ford had signed as part of her lease agreement, acknowledging

that she would be legally required to perform eight hours of community service per month. Wayne Metropolitan noted that Ms. Ford did not claim an exemption when she signed the certification. Further, it noted that she did not request a hearing when it initially notified her that her lease would be terminated for material violations, including a failure to perform community service. Because Ms. Ford failed to request an exemption at any point prior to being evicted, Wayne Metropolitan argued, she was not entitled to relief from judgment.

{¶14} The trial court denied Ms. Ford's motion for relief from judgment because it found that she had not established a meritorious defense. Ms. Ford argues that the court abused its discretion when it reached that conclusion without first holding a hearing. According to Ms. Ford, she set forth operative facts warranting relief from judgment when she alleged that she had paid her utilities, she had never attacked a neighbor, and she was medically exempt from performing community service. Further, she notes that her motion for relief from judgment was timely filed and established that she was entitled to relief under Civ.R. 60(B)(1). Because her motion at least warranted a hearing, Ms. Ford argues, the trial court abused its discretion when it denied her motion.

{¶15} Even assuming Ms. Ford's motion for relief from judgment was timely and demonstrated excusable neglect, we cannot conclude that the trial court abused its discretion when it found that she failed to set forth evidence of a meritorious defense to the judgment of eviction. *See GTE Automatic Elec., Inc.*, 47 Ohio St.2d 146 at paragraph two of the syllabus; *Hull*, 2017-Ohio-2914, at ¶ 9. Wayne Metropolitan set forth evidence that Ms. Ford's lease could be terminated for "repeated violations of [its] material terms," one of which was that she complete eight hours of community service each month. Its representative testified at the eviction hearing that Ms. Ford was 136 hours behind on her community service. Although Ms. Ford claimed she

was medically exempt from "community work service that involves physical labor," she failed to set forth any evidence that the only community service work available to her through Wayne Metropolitan was physical in nature. Further, she failed to explain why she signed a community service requirement certification as part of her lease agreement without citing an exemption. Upon review, the trial court reasonably could have concluded that Ms. Ford failed to set forth operative facts demonstrating that she did not, in fact, repeatedly violate the material terms of her lease. As such, Ms. Ford has not shown that the trial court abused its discretion when it denied her motion in the absence of a hearing. *See Hoffman*, 2019-Ohio-2546, at ¶ 9, quoting *Gaines & Stern Co., L.P.A.*, 70 Ohio App.3d at 646. Ms. Ford's sole assignment of error is overruled.

III.

{¶16} Ms. Ford's sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

JOHN BARRINGTON, Attorney at Law, for Appellee.