[Cite as *Dozier v. Credit Acceptance Corp.*, 2019-Ohio-4354.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MICHAEL DOZIER, JR.,                    :

    Plaintiff-Appellee,              :

                                                        No. 108069

    v.                                :

CREDIT ACCEPTANCE
CORPORATION,                            :

    Defendant-Appellant.             :

                                                      :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 24, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902691

### *Appearances:*

McGlinchey Stafford, P.L.L.C., and James W. Sandy, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Credit Acceptance Corporation ("Credit Acceptance"), appeals the denial of its motion to compel arbitration, or in the alternative, to stay the case pending arbitration and claims the following error:

> The trial court erred when it denied Credit Acceptance's motion to compel arbitration, dismiss case, or alternatively, stay proceedings

pending arbitration because the plaintiff's claims were subject to binding arbitration, the plaintiff never alleged, much less put forth any evidence, to establish that the arbitration clause was either procedurally or substantively unconscionable, and in order to negate an arbitration clause, a party must establish both procedural and substantive unconscionability.

{¶ 2} We find merit to the appeal, and reverse the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Plaintiff-appellee, Michael Dozier, executed a retail installment contract ("the contract") with Buckeye Motor Group Ltd. ("Buckeye") for the purchase of a 2010 Ford Taurus. As part of the transaction, Dozier also executed a declaration acknowledging electronic signature,[1] whereby he acknowledged that he (1) read, understood, and agreed to use an electronic signature to sign all documents pertaining to the retail installment transaction, including the contract, (2) was given an opportunity to *review* a paper version of the contract prior to executing it, and (3) had "physical control of the keyboard, mouse or other device when he executed the contract." The contract was simultaneously assigned to Credit Acceptance when Dozier signed it.

{¶ 4} The fifth page of the contract contains an arbitration clause that requires the arbitration of all "disputes" between the parties. The arbitration clause states, in relevant part:

> This Arbitration Clause describes how a Dispute (defined below) may be arbitrated. * * *

---

[1] Copies of the retail installment contract and declaration acknowledging electronic signature were authenticated by affidavit.

* * *

A "Dispute" is any controversy or claim between You [the buyer] and US [the seller] arising out of or in any way related to the contract, including but not limited to, * * * the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances, or regulations or any other legal or equitable theories.

{¶ 5} Additionally, the contract provides a notice of arbitration on the first page, which states:

ARBITRATION: The Contract contains an Arbitration Clause that states You [the buyer] and WE [the seller] may elect to resolve any dispute by arbitration and not by court action. See the Arbitration Clause on Page 5 of this Contract for the full terms and conditions of the agreement to arbitrate. By initialing below, you confirm that you have read, understand, and agree to the terms and conditions in the Arbitration Clause.

Dozier initialed below the notice of arbitration on the first page and initialed below the entire arbitration clause on the fifth page of the contract. The arbitration agreement also provides that either party can initiate arbitration at any time, even after a lawsuit has started.

{¶ 6} Dozier executed the retail installment agreement in June 2017. In August 2018, he filed a pro se complaint against Credit Acceptance alleging multiple violations of the Consumer Sales Practices Act, R.C. 1345.03. After filing a timely answer to the complaint, Credit Acceptance filed a motion to compel arbitration, dismiss the case, or alternatively, to stay the case pending arbitration. Dozier, still pro se, opposed the motion in two separate documents titled, "Motion to Vacate Arbitration," in which Dozier reiterated the alleged violations of the Consumer Sales

Practices Act. He made no arguments relative to the binding arbitration provision in his contract. Yet, the trial court denied Credit Acceptance's motion to compel arbitration on grounds that it was unconscionable. Credit Acceptance now appeals the trial court's judgment.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} "The appropriate standard of review on judgments pertaining to the enforceability of an arbitration agreement depends on the questions raised in challenging the applicability of the arbitration provision." *Javorsky v. Javorsky*, 2017-Ohio-285, 81 N.E.3d 971, ¶ 7 (8th Dist.), citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543.

{¶ 8} In this case, the trial court determined that the arbitration clause was unconscionable. Whether an arbitration provision is unconscionable is a question of law, which we review de novo. *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 8. "Under a de novo standard of review, we give no deference to a trial court's decision." *Id.* at ¶ 9.

### B. Ohio Arbitration Act

{¶ 9} Ohio public policy favors enforcement of arbitration provisions. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15. The General Assembly codified Ohio's policy of encouraging arbitration through enactment of the Ohio Arbitration Act, R.C. Chapter 2711. *Goodwin v. Ganley, Inc.,* 8th Dist. Cuyahoga No. 89732, 2007-Ohio-6327, ¶ 8. R.C. 2711.01(A)

provides that an arbitration agreement in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist in law or equity for the revocation of any contract."

{¶ 10} R.C. 2711.02(B), which governs the stay of litigation pending arbitration, states, in relevant part:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Thus, R.C. 2711.02 requires a court to stay the trial of an action on application of one of the parties if (1) the action involves an issue referable to arbitration under a written arbitration agreement, (2) the court is satisfied the issue is referable to arbitration under the agreement, and (3) the party seeking the stay is not in default in proceeding with arbitration. *Eaton Corp. v. Allstate Ins. Co.,* 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, ¶ 17.

{¶ 11} Thus, a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998). Any doubts regarding arbitration should be resolved in favor of arbitration. *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 18.

## C. Unconscionability

{¶ 12} In the sole assignment of error, Credit Acceptance argues the trial court erred in finding that the arbitration clause in the parties' contract was unconscionable. It contends the agreement is neither procedurally nor substantively unconscionable.

{¶ 13} An arbitration agreement is unenforceable if it is unconscionable. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33. Unconscionability includes both the absence of meaningful choice on the part of one of the parties to a contract and contract terms that are unreasonably favorable to the other party. *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993). It incorporates two distinct concepts (1) unfair and unreasonable contract terms, i.e., substantive unconscionability; and (2) unequal bargaining power such that the other party lacks a "meaningful choice" to enter into the contract, i.e., procedural unconscionability. *Taylor* at ¶ 33.

{¶ 14} Substantive unconscionability pertains solely to the terms of the contract and whether they are commercially reasonable in the context of the transaction. *Pulte Homes of Ohio, L.L.C. v. Wilson*, 8th Dist. Cuyahoga No. 102212, 2015-Ohio-2407, ¶ 17. For example, a contract is substantively unconscionable where "the clauses involved are so one-sided as to oppress or unfairly surprise" a party. *Neubrander v. Dean Witter Reynolds, Inc.,* 81 Ohio App.3d 308, 311-312,

610 N.E.2d 1089 (9th Dist.1992). In determining whether a contract is substantively unconscionable, "courts have considered factors such as: 'the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability.'" *DeVito v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336, ¶ 17, quoting *Collins* at 834.

{¶ 15} While substantive unconscionability pertains to the contract itself, procedural unconscionability refers to the circumstances surrounding the transaction. Procedural unconscionability considers

> "factors bearing on the relative bargaining position of the contracting parties, such as age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, and whether there were alternative sources of supply for the goods in question."

*Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, quoting *Collins* at 834. "The crucial question is whether a party, considering his education or lack of it, had a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print." *DeVito* at ¶ 19.

{¶ 16} The party seeking to void a contract due to unconscionability "bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 33.

{¶ 17} Although the trial court concluded that the arbitration clause in the parties' retail installment contract was unconscionable, Dozier never argued, much less presented evidence to establish, unconscionability. Dozier presented no evidence to establish that the parties had unequal bargaining power or that he lacked intelligence, education, or business acumen such that the arbitration agreement was incomprehensible to him. Nor did he present any evidence that either Buckeye or Credit Acceptance defrauded him or that he lacked an opportunity to read the agreement. He, therefore, failed to establish that the parties' agreement was procedurally unconscionable, and our analysis could end here since the party seeking to void an arbitration agreement must establish that the agreement is both procedurally and substantively unconscionable. *Id.*

{¶ 18} Nevertheless, there is also nothing to suggest that the arbitration agreement is substantively unconscionable. The fact that there is an arbitration agreement embedded within the contract is communicated in a notice on the first page of the retail installment. The word "ARBITRATION" is written in capital letters in order to attract the reader's attention. The notice informs the reader that the full text of the arbitration clause appears on the fifth page of the contract, and Dozier's initials appear below both the notice of arbitration and the actual arbitration clause. The arbitration clause itself occupies the entire fifth page of the agreement and is identified by the words "ARBITRATION CLAUSE," which appear underlined in all capital letters.

**{¶ 19}** The terms of the arbitration agreement, which are not ambiguous and written in plain English, are fair and apply equally to both parties. Both parties are required to resolve their disputes in arbitration. It is not as if Credit Acceptance has the option of litigating disputes in the common pleas court but Dozier does not. This is not the case.

**{¶ 20}** Moreover, the arbitration agreement gave Dozier the right to reject the arbitration clause by mailing a written rejection to the address provided in the arbitration clause within 30 days of signing the agreement. The second paragraph of the arbitration clause provides, in relevant part:

> Your Right to Reject: If you don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tell Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If you reject the Arbitration Clause, that will not affect any other provision of this Contract or the statute of Your Contract. If you don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

There is nothing confusing about this provision. Dozier had the right to reject arbitration, but there is no evidence that he exercised that right before the 30-day time period for rejection expired. Therefore, we finding nothing unconscionable about the arbitration clause, particularly since it afforded Dozier the right to reject it.

**{¶ 21}** The trial court nevertheless found the parties' arbitration agreement was unconscionable pursuant to *Schwartz v. Alltel Corp.*, 8th Dist. Cuyahoga No.

86810, 2006-Ohio-3353. In *Schwartz*, we affirmed a trial court judgment finding an arbitration agreement was substantively and procedurally unconscionable, in part, because it eliminated a consumer's right to proceed through a class action and thus circumvented the purposes of the Ohio Consumer Sales Practices Act. *Id.* at ¶ 25-26, 30.

{¶ 22} However, since *Schwartz*, we have held that a ban on class actions does not necessarily void an arbitration agreement. In reaching this conclusion, we stated that even if the Consumer Sales Practices Act "contains a policy favoring class action * * *, this court may not apply that policy in a way that disfavors arbitration." *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, ¶ 19. The fact that an arbitration provision precludes the filing of class actions does not, by itself, render an otherwise valid arbitration agreement unconscionable. *See, e.g., Ranazzi v. Amazon.com, Inc.*, 6th Dist. Lucas No. L-14-1217, 2015-Ohio-4411; *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 8th Dist. Cuyahoga No. 89277, 2009-Ohio-4873, ¶ 18.

{¶ 23} The court in *Schwartz* did not void the arbitration agreement solely because it contained a ban on class actions. The *Schwartz* court also concluded that the agreement was procedurally unconscionable because it was "adhesive in nature." *Schwartz* at ¶ 35. The contract was presented on a "take-it-or-leave-it basis," and the arbitration agreement was hidden in "small, hard-to-read print * * * at the very bottom of the back side of the agreement." Under these circumstances, it is

reasonable to conclude that the consumer would be unaware that he or she was waiving the right to participate in class actions by signing the contract.

{¶ 24} Unlike the contract at issue in *Schwartz*, which buried the arbitration clause in fine print, a notice regarding the arbitration clause in this case is conspicuous on the first page of the contract. Moreover, the arbitration clause afforded Dozier the right to reject it, but he failed to exercise that right. We find nothing procedurally or substantively unconscionable about the arbitration agreement presented in this case, despite the ban on class actions. Therefore, the arbitration clause in this case is distinguishable from the one at issue in *Schwartz*, and the trial court erred in finding they were the same.

{¶ 25} The sole assignment of error is sustained.

{¶ 26} Judgment reversed, and case remanded to the trial court to stay litigation pending arbitration.[2]

It is ordered that appellee recover from appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

---

[2] As previously stated, R.C. 2711.02(B) requires the trial court stay the litigation pending arbitration when the arbitration clause is binding and enforceable.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
MARY EILEEN KILBANE, A.J., DISSENTS WITH SEPARATE ATTACHED OPINION

MARY EILEEN KILBANE, A.J., DISSENTING:

{¶ 27} I respectfully dissent. I would affirm the trial court's denial of Credit Acceptance's motion to compel arbitration, or in the alternative, stay the case pending arbitration.

{¶ 28} The majority states that an arbitration agreement is unenforceable if it is unconscionable. An arbitration agreement is also unenforceable when the arbitration clause is against public policy. As this court stated in _Hedeen v. Autos Direct Online, Inc._, 2014-Ohio-4200, 19 N.E.3d 957 (8th Dist.):

> A court may refuse to enforce a contract when it violates public policy. _Marsh v. Lampert_, 129 Ohio App.3d 685, 687, 718 N.E.2d 997 (12th Dist.1998), citing _Garretson v. S.D. Myers, Inc._, 72 Ohio App.3d 785, 788, 596 N.E.2d 512 (9th Dist.1991). The court in _Eagle [v. Fred Martin Motor Co.]_, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, explained:
>
> > A refusal to enforce a contract on the grounds of public policy may be distinguished from a finding of unconscionability. Rather than focus on the relationship between the parties and the effect of the agreement upon

> them, public policy analysis requires the court to consider the impact of such arrangements upon society as a whole.

*Id.* at ¶ 63.

> Moreover, a contract injurious to the interests of the state will not be enforced. *King v. King*, 63 Ohio St. 363, 372, 59 N.E. 111 (1900). 17 Ohio Jurisprudence 3d, Contracts, Section 94, at 528 (1980), states:
>
> > Public policy is the community common sense and common conscience, extended and applied throughout the state to matters of public morals, health, safety, welfare, and the like. Again, public policy is that principle of law which holds that no one can lawfully do that which has a tendency to be injurious to the public or against the public good. Accordingly, contracts which bring about results which the law seeks to prevent are unenforceable as against public policy. Moreover, actual injury is never required to be shown; it is the tendency to the prejudice of the public's good which vitiates contractual relations. (Footnotes omitted.)

*Id.* at ¶ 44-45.

{¶ 29} While the Ohio CSPA does not expressly preclude arbitration clauses in consumer sales contracts, limitations on a consumer's rights should not be allowed by a private arbitration forum. *Vincent v. Neyer,* 139 Ohio App.3d 848, 852, 745 N.E.2d 1127 (10th Dist.2000); *Eagle* at ¶ 67. Indeed, "[w]hen an arbitration clause vanquishes the remedial purpose of a statute by limiting consumer[']s rights and preventing actions from being brought by consumers, the arbitration clause should be held unenforceable." *Eagle* at ¶ 68, citing *Randolph v. Green Tree Fin. Corp.*, 178 F.3d 1149 (11th Cir.1999), citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

{¶ 30} The arbitration clause in the instant case limits the consumer's right to proceed through a class action. It states, in relevant part: "if You or We elect to arbitrate a dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member[.] * * * In the event that the Class Action Waiver is determined to be invalid or unenforceable, then, subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void."

{¶ 31} By prohibiting Dozier from filing suit as a class, Credit Acceptance eliminates the right to proceed through a class action and hinders the policy considerations of the CSPA, which I find renders the arbitration clause unenforceable. The plain language of the contract contemplates this by acknowledging that the entire arbitration clause shall be null and void if the class action waiver is found to be unenforceable. When the arbitration clause vanquishes the remedial purpose of the CSPA, and is injurious to the interests of the state and against public policy, it cannot be enforced. *Eagle* at ¶ 74, citing *King*, 63 Ohio St. 363, 372, 59 N.E. 111.

{¶ 32} For these reasons, I would affirm the trial court's ruling.