[Cite as *AJZ's Hauling, L.L.C. v. TruNorth Warranty Program of N. Am.*, 2021-Ohio-1190.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AJZ's HAULING, L.L.C.,                    :

    Plaintiff-Appellee,          :

                                  No. 109632

    v.                           :

TRUNORTH WARRANTY PROGRAMS
OF NORTH AMERICA,                         :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 8, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926630

---

### *Appearances:*

Meyers, Roman, Friedberg & Lewis, and Ronald P. Friedberg, *for appellee.*

Schneider Smeltz Spieth Bell, L.L.P., and Mark M. Mikhaiel, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant TruNorth Warranty Programs of North America ("TruNorth") brings this appeal challenging the trial court's judgment denying TruNorth's motion to stay proceedings and compel arbitration, or alternatively, to

dismiss for lack of jurisdiction and improper venue. TruNorth argues that the trial court erred by declining to apply the doctrine of res judicata, erred by declining to enforce the applicable arbitration and forum selection provisions, and erred by denying TruNorth's motion without holding a hearing. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant matter involves a dispute regarding a truck that plaintiff-appellee, AJZ Hauling, L.L.C., ("AJZ") purchased in October 2018. AJZ is a Pennsylvania limited liability company with its principal place of business in Pittsburgh. AJZ is registered in the state of Ohio as a foreign limited liability company.

{¶ 3} TruNorth is a North Carolina entity with its principal place of business in Huntersville. AJZ alleged in its complaint that TruNorth "transacts business in Cuyahoga County, Ohio." Complaint at ¶ 2.

{¶ 4} In October 2018, AJZ purchased a 2011 Kenworth truck from Premier Truck Sales & Rental, Inc. ("Premier"). Premier is an Ohio-based company, with its principal place of business in Valley View. The purchase price for the truck was $119,300. The purchase agreement provided that the purchase price included a two-year warranty on the engine, transmission, rear ends, and after treatment from TruNorth. The truck was covered by TruNorth's "All-Inclusive Component Breakdown Limited Warranty Agreement."

{¶ 5} Shortly after taking possession of the truck, AJZ experienced significant engine- and transmission-related issues. Between October 31, 2018, and January 16, 2019, AJZ submitted five claims and repair estimates to Premier and TruNorth.

{¶ 6} AJZ claimed that the claims and repairs should have been covered under and paid by TruNorth, pursuant to the two-year warranty set forth in the truck's purchase agreement. TruNorth did not provide coverage for these claims and repairs. AJZ paid out-of-pocket to have the truck repaired by third parties.

{¶ 7} AJZ commenced two civil actions based on the issues related to the truck and TruNorth's failure to provide coverage pursuant to the warranty agreement. The same judge presided over both actions.

### A. CV-19-915772

{¶ 8} First, on May 23, 2019, AJZ filed a complaint against Premier and TruNorth. AJZ asserted causes of action against Premier for breach of contract, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, fraudulent misrepresentation, and negligent misrepresentation/inducement. AJZ asserted causes of action against TruNorth for breach of contract and breach of the implied covenant of good faith and fair dealing.

{¶ 9} On July 11, 2019, TruNorth filed a combined motion to stay proceedings, pursuant to R.C. 2711.02, and compel arbitration, pursuant to R.C. 2711.03, on the claims AJZ asserted against TruNorth. Alternatively, TruNorth moved to dismiss the claims asserted by AJZ for lack of personal jurisdiction, subject

matter jurisdiction, and improper venue. TruNorth's motion was based on the "dispute resolution" provision in its "All-Inclusive Component Breakdown Limited Warranty Agreement." TruNorth submitted a copy of the warranty agreement in support of its motion to stay, compel arbitration, or alternatively to dismiss. AJZ's representative, Kristi LaBryer, signed the front page of the agreement on October 29, 2018, and initialed each page. The dispute resolution provides,

> This Agreement shall be governed by and in accordance with the laws of the State of North Carolina, USA. The parties agree that any action, suit, or proceeding arising out of or related to this Agreement, not submitted to arbitration, shall be instituted only in the state or federal courts located in Mecklenburg County, North Carolina, USA. In the event of any dispute between parties concerning coverage under this Agreement, a written request to TruNorth™ for Arbitration must be submitted. Customer agrees that Arbitration is the sole method of dispute resolution between parties. Customer's written request for Arbitration must be done and received by TruNorth™ within 30 days of the day claim is filed. Each party will select one certified arbitrator. The two arbitrators will then select a third arbitrator. Each of the parties will pay equally the total of the three arbitrators selected. The in-person arbitration hearing will take place only in Mecklenburg County, North Carolina unless both parties agree in writing to a different hearing location. The rules utilized by the American Arbitration Association will apply. A majority decision from the three arbitrators will be binding and final. The determination and award of the arbitrators may be filed by the prevailing party in a court of proper jurisdiction and shall thereafter have the full force and effect of a judgment at law.

{¶ 10} In opposing TruNorth's motion to compel arbitration or dismiss, AJZ argued that the arbitration provision in the warranty agreement is unenforceable due to unconscionability. Regarding the forum selection clause, AJZ argued that the clause was unenforceable as a product of "overreaching," and that enforcement of the clause would be unreasonable and unjust. In support of its brief in opposition,

AJZ submitted an affidavit of LaBryer, the purchase agreement for the truck, and a copy of TruNorth's warranty agreement. The purchase agreement contained an order date of October 12, 2018, and provided that the truck's purchase price included "2 year [TruNorth] warranty on engine, transmission, rear ends and after-treatment." The purchase agreement made no mention of the dispute resolution provision contained in the warranty agreement.

{¶ 11} On August 2, 2019, TruNorth filed a reply brief in support of its motion to stay, compel arbitration, or alternatively to dismiss. Therein, TruNorth argued that the arbitration provision was not unconscionable and that the forum selection provision was valid and enforceable.

{¶ 12} There is no indication in the record that the trial court held a hearing on TruNorth's motion to stay and compel arbitration, or to dismiss. On August 6, 2019, the trial court granted TruNorth's motion to compel arbitration, pursuant to R.C. 2711.02 and 2711.03. The trial court's judgment entry provided, in relevant part, "[t]he court grants [TruNorth's] motion to stay the proceedings and to compel arbitration as to [the claims AJZ asserted against TruNorth] pursuant to R.C. 2711.02 and 2711.03. The court finds that [AJZ's] claims are subject to a valid and enforceable arbitration agreement." AJZ did not file an appeal challenging the trial court's judgment.

{¶ 13} AJZ filed a notice of dismissal on November 7, 2019. The trial court dismissed AJZ's claims against TruNorth without prejudice on November 8, 2019.

After a settlement was reached between AJZ and Premier, AJZ's claims against Premier were dismissed with prejudice.

## B. CV-19-926630

{¶ 14} Second, on December 16, 2019, AJZ filed a complaint against TruNorth asserting causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.

{¶ 15} On February 10, 2020, TruNorth again filed a combined motion to stay proceedings, pursuant to R.C. 2711.02, and compel arbitration, pursuant to R.C. 2711.03. Alternatively, TruNorth moved to dismiss AJZ's complaint for lack of personal jurisdiction, subject matter jurisdiction, and improper venue.

{¶ 16} In support of its motion to compel arbitration, TruNorth argued that the parties entered into a "valid and enforceable arbitration agreement, which covers all claims between the parties." Alternatively, in support of its motion to dismiss, TruNorth argued that AJZ's complaint should be dismissed "in its entirety pursuant to Civ.R. 12(B)(2), (3) for lack of personal jurisdiction and/or improper venue." TruNorth maintained that the warranty agreement's forum selection clause mandated all proceedings related to the warranty agreement be commenced in North Carolina.

{¶ 17} TruNorth referenced the trial court's August 6, 2019 judgment in CV-19-915772 granting TruNorth's motion to compel arbitration and finding that AJZ's claims against TruNorth were subject to a valid and enforceable arbitration agreement. In support of its motion to compel or dismiss, TruNorth submitted a

copy of the trial court's August 6, 2019 journal entry in CV-19-915772, and a copy of TruNorth's "All-Inclusive Component Breakdown Limited Warranty Agreement," dated October 29, 2018.

{¶ 18} On February 24, 2020, AJZ filed a brief in opposition to TruNorth's motion to compel arbitration or dismiss. Therein, AJZ argued again that the arbitration and forum selection clauses were unenforceable. Regarding the arbitration provision, AJZ asserted that (1) it did not receive the TruNorth warranty agreement from Premier until four days after accepting delivery of the truck on October 25, 2018; (2) Premier sent the warranty agreement via email; (3) AJZ was never provided a copy of the warranty agreement that had been signed by Premier or TruNorth; (4) the warranty agreement's "dispute resolution" provision is "no more conspicuous, and in fact is less conspicuous, than other sections of the TruNorth Warranty Agreement"; (5) the arbitration provision does not provide specific details concerning the arbitration process; (6) neither Premier nor TruNorth informed AJZ that the warranty agreement contained an arbitration provision, or that the provision specified that arbitration would take place in North Carolina; (7) AJZ has never been involved in arbitration proceedings, and is unfamiliar with the arbitration process; (8) AJZ was not aware that it could object to or seek to modify the arbitration provision, and AJZ was unable to do so because it did not receive the warranty agreement until four days after paying for and receiving the truck; and (9) AJZ was not represented by counsel in relation to the purchase agreement with Premier or the TruNorth warranty agreement.

{¶ 19} Regarding the forum selection clause, AJZ argued that (1) AJZ is not operated to conduct, and has not conducted business in North Carolina, (2) the truck has never been in North Carolina, and the truck has never been owned by anyone in North Carolina, (3) the people with personal knowledge of the truck's defects, TruNorth's warranty, and AJZ claims against TruNorth are located in northeast Ohio or western Pennsylvania, (4) there is no one in North Carolina who has personal knowledge about the issues related to the truck, and (5) no one from TruNorth, who is located in North Carolina, has ever seen, inspected, or repaired the truck.

{¶ 20} In support of its brief in opposition, AJZ submitted an affidavit of LaBryer, a copy of the trial court's August 6, 2019 journal entry in CV-19-915772, the October 12, 2018 purchase agreement for the truck between Premier and AJZ, and a copy of TruNorth's "All-Inclusive Component Breakdown Limited Warranty Agreement."

{¶ 21} In her affidavit, LaBryer confirmed AJZ's assertions about the arbitration and forum selection provisions. She averred that AJZ did not receive the warranty agreement via email until four days after paying for and receiving the truck, and that neither Premier nor TruNorth advised her that the warranty agreement contained an arbitration provision or forum selection clause.

{¶ 22} On February 28, 2020, TruNorth filed a reply brief in support of its motion to compel or dismiss. Therein, TruNorth argued that AJZ "should not have executed an Agreement without fully reading and understanding its terms."

TruNorth asserted that AJZ is an established business entity, not "an uninformed, unsophisticated small shop that should be treated more like an individual consumer[.]"

{¶ 23} TruNorth disputed AJZ's argument that the trial court's August 6, 2019 judgment in CV-19-915772 granting TruNorth's motion to compel arbitration was not a final appealable order. Because AJZ did not file an appeal challenging the trial court's August 6, 2019 judgment, TruNorth argued that AJZ was barred by res judicata from relitigating the issue of the arbitration agreement's enforceability.

{¶ 24} There is no indication in the record that the trial court held a hearing on TruNorth's motion to stay and compel, or to dismiss in the second case. On March 7, 2020, the trial court denied TruNorth's motion to compel or dismiss. The trial court's journal entry provides, in relevant part,

> The court finds the arbitration provision to be procedurally and substantively unconscionable.
>
> The court finds a voluntary meeting of minds did not occur as the arbitration agreement and forum selection clause were never explained to [AJZ] and [AJZ] did not understand any information regarding arbitration proceedings or the surrendering of certain appellate rights. The language compelling arbitration was inconspicuous and the warranty was provided by a third-party and not signed by [TruNorth]. Further, [AJZ] was not provided a copy of the agreement until four days after taking possession of the vehicle at issue.
>
> The court finds enforcement of the forum selection clause would be unreasonable and unjust as [AJZ] has no contacts with North Carolina nor does anyone in North Carolina have any contacts or information regarding the vehicle at issue in this suit.

{¶ 25} It is from this judgment that TruNorth filed the instant appeal on March 24, 2020. TruNorth assigns three errors for review:

I.  The trial court erred in refusing to apply res judicata against AJZ since the same court had previously held the Arbitration and Forum Selection Clauses to be "valid and enforceable" against AJZ on August 6, 2019 in case captioned AJZ's Hauling, LLC v. Premier Truck Sales and Rental, Inc. et al, Cuyahoga County Case No. CV-19-915772.

II.  The trial court erred when it failed to hold a hearing on the motion to compel arbitration.

III.  The trial court erred in its refusal to follow either the arbitration provision or the venue provision.

## II. Law and Analysis

{¶ 26} All three of TruNorth's assignments of error pertain to the trial court's March 7, 2020 judgment denying TruNorth's motion to stay proceedings and compel arbitration, or alternatively to dismiss.

## A. Res Judicata

{¶ 27} In its first assignment of error, TruNorth argues that the trial court erred by declining to apply the doctrine of res judicata to the trial court's August 6, 2019 judgment in CV-19-915772 granting TruNorth's motion to compel arbitration and determining that the claims asserted against TruNorth were subject to a valid and enforceable arbitration agreement.

{¶ 28} "[T]he doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding." *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 19.  "'[I]f a final appealable order is not timely appealed, all matters that could have been reviewed had an appeal been taken become res judicata and are not reviewable in a related or subsequent proceeding or appeal.'"

*Parker v. Jamison*, 4th Dist. Scioto No. 02CA002857, 2003-Ohio-7295, ¶ 10, quoting *Jeffers v. Jeffers*, 10th Dist. Franklin No. 00AP-442, 2001 Ohio App. LEXIS 501, 3 (Feb. 13, 2001). The application of res judicata is a question of law that we review de novo. *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No. 90955, 2008-Ohio-5350, ¶ 6, citing *Gilchrist v. Gonsor*, 8th Dist. Cuyahoga No. 88609, 2007-Ohio-3903, ¶ 18.

**{¶ 29}** It is undisputed that the trial court's August 6, 2019 judgment granting TruNorth's motion to compel was a final appealable order. Although AJZ disputed whether the judgment was a final appealable order in opposing TruNorth's motion to stay and compel arbitration in the second action, AJZ concedes in its appellate brief that the trial court's August 6, 2019 order was a final appealable order under R.C. 2711.02(C).

**{¶ 30}** An order "that grants or denies a stay of a trial of any action pending arbitration * * * is a final order that may be reviewed * * * on appeal." R.C. 2711.02(C); *Dumas v. N.E. Auto Credit, L.L.C.*, 8th Dist. Cuyahoga Nos. 108151 and 108388, 2019-Ohio-4789, ¶ 6. "R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)." *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, syllabus; *see Duncan v. Wheeler*, 4th Dist. Scioto No. 09CA3296, 2010-Ohio-4836, ¶ 4, fn. 1 (pursuant to *Mynes*, the trial court's judgment denying a motion to stay proceedings pending arbitration of several claims was a final appealable order even though other claims remained

pending and the trial court's judgment did not make a finding of "no just reason for delay").

{¶ 31} In this appeal, TruNorth argues that because AJZ failed to file an appeal challenging the trial court's August 6, 2019 judgment in TruNorth's favor, res judicata barred the trial court from altering its prior determination that the arbitration agreement was valid and enforceable. AJZ, on the other hand, argues that it would be unjust and unfair to apply res judicata in this case. After reviewing the record, and based on the totality of the circumstances present in this case, we find that it would be unreasonable or unjust to strictly apply the doctrine of res judicata.

{¶ 32} The Ninth District has recognized that when a trial court granted the defendant's motion to stay and compel arbitration, and the plaintiff did not appeal the trial court's judgment, the trial court necessarily determined that the arbitration clause was valid and enforceable. *Heller v. Pre-Paid Legal Servs.*, 9th Dist. Summit No. 26376, 2013-Ohio-680, ¶ 21, citing *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. Summit No. 25731, 2011-Ohio-4769, ¶ 10. The Ninth District concluded that the plaintiff was barred by res judicata from challenging the arbitrability of its claims on appeal from the trial court's judgment confirming the arbitrator's award. *Dun-Rite* at *id.* This court has also recognized that when a trial court grants or denies a motion to stay proceedings pending arbitration, the trial court's order "becomes final and must be appealed if the party intends to challenge the court's decision." *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586,

¶ 20, citing *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. Cuyahoga No. 88847, 2007-Ohio-3924, ¶ 11.

{¶ 33} In certain instances, it is unreasonable or unjust to strictly apply the doctrine of res judicata. *See, e.g., State v. Linen*, 8th Dist. Cuyahoga Nos. 74070 and 74071, 2000 Ohio App. LEXIS 654, 17-18 (Feb. 17, 2000) (Patton, J., dissenting); *State v. Murnahan*, 63 Ohio St.3d 60, 65-67, 584 N.E.2d 1204 (1992) (recognizing that it may be unjust to apply res judicata in certain circumstances, such as when a defendant is unable to discover an ineffective assistance of appellate counsel claim, due to inadequate appellate counsel or the defendant's inability to identify appellate counsel's errors, within the time allotted for filing a motion for reconsideration or an appeal in the Ohio Supreme Court). "The binding effect of res judicata has been held not to apply when fairness and justice would not support it." *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30, citing *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001).

> "'[T]he doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" [*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386, 653 N.E.2d 226 (1995) (Douglas, J., dissenting)], quoting 46 American Jurisprudence[, 2d Judgments, Section 522, at 786-787 (1994)].

(Emphasis deleted.) *Davis* at 491.

{¶ 34} In the instant matter, the record reflects that the trial court summarily concluded in the first case that the arbitration provision was valid and enforceable. The trial court did not make any factual findings, set forth the reasoning for its

determination, or reference the evidence submitted by the parties. The trial court did not address AJZ's unconscionability argument, or reference the forum selection clause based upon which TruNorth alternatively moved to dismiss the case.

**{¶ 35}** After reviewing the record, it is evident that the trial court reconsidered its ruling in the first case that the arbitration agreement was valid and enforceable. It is evident that in the second case, the trial court conducted a more thorough and full review of the arbitration issue and the arguments presented in the parties' briefs. The trial court addressed (1) the issue of procedural unconscionability, (2) the issue of substantive unconscionability, (3) the affidavit submitted by AJZ's representative, Kristi LaBryer, and (4) the forum selection clause.

**{¶ 36}** Under the law of the case doctrine, "*the decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels.*" (Emphasis added.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). *Accord Rimmer v. CitiFinancial Inc.*, 2020-Ohio-99, 151 N.E.3d 988, ¶ 43 (8th Dist.). In this case, the trial court could, and had jurisdiction to, reconsider its prior ruling regarding the validity and enforceability of the arbitration provision. The trial court's prior holding that the arbitration provision was valid and enforceable was not entered by a reviewing court, and as a result the trial court's prior holding was not the law of the case. Had this court or the Ohio Supreme Court held that the arbitration

provision at issue was valid and enforceable, then TruNorth's argument that AJZ was precluded from relitigating the issue would have merit.

{¶ 37} Based on the trial court's complete and thorough analysis of the unconscionability issue in the second case, we find that it would be unreasonable and unjust to rigidly apply the doctrine of res judicata to prohibit the trial court from reconsidering its prior ruling in the first case. Furthermore, as set forth in further detail below, based on the trial court's complete and thorough analysis of the enforceability and unconscionability issues, we find that a remand for an evidentiary hearing to further develop the record is not necessary.

{¶ 38} TruNorth's first assignment of error is overruled.

## B. Hearing

{¶ 39} In its second assignment of error, TruNorth argues that the trial court erred by failing to hold a hearing on the motion to stay and compel arbitration, despite TruNorth's request for a hearing. TruNorth contends that the trial court was required to hold a hearing pursuant to R.C. 2711.03.

{¶ 40} TruNorth filed a combined motion to stay proceedings and compel arbitration. In *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, the Ohio Supreme Court explained that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures that serve different purposes. *Id.* at ¶ 14. A party may choose to move for a stay of proceedings, petition for an order compelling arbitration, or seek both. *Id.* at ¶ 18.

{¶ 41} The Ohio Supreme Court held that a trial court is not required to conduct a hearing when a party moves for a stay pursuant to R.C. 2711.02. The trial court may stay proceedings "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration[.]" *Id.* at ¶ 7.

{¶ 42} R.C. 2711.03, on the other hand, "applies where there has been a petition for an order to compel the parties to proceed to arbitration." *Id.* at ¶ 15. R.C. 2711.03 provides, in relevant part:

> (A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. *The court shall hear the parties*, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
>
> (B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court *shall proceed summarily to the trial of that issue.*

(Emphasis added.)

{¶ 43} Accordingly, pursuant to R.C. 2711.03,

> where a party has filed a motion to compel arbitration, the court must, in a hearing, make a determination as to the validity of the arbitration clause. *Maestle*[, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, at ¶ 18]; *Benson v. Spitzer Mgt., Inc.*, [8th Dist. Cuyahoga No. 83558, 2004-Ohio-4751], ¶ 19; [*Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 163, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 20 (9th Dist.)]; *Boggs Custom Homes, Inc. v. Rehor*, [9th Dist. Summit No. 22211, 2005-Ohio-1129, ¶ 16]; *Herman v. Ganley Chevrolet, Inc.*[, 8th Dist.

Cuyahoga Nos. 81143 and 81272, 2002-Ohio-7251]. Additionally, this court has held that the parties should be afforded an evidentiary hearing on the validity of an arbitration clause where unconscionability is raised as an objection to its enforceability. *See, e.g., Bencivenni v. Dietz*, [8th Dist. Cuyahoga No. 88269, 2007-Ohio-637]; *Olah* [*v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 86132, 2006-Ohio-694, ¶ 29-31] and cases cited therein; *Molina v. Ponsky*, [8th Dist. Cuyahoga No. 86067, 2005-Ohio-6349].

*Post v. ProCare Automotive Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106, ¶ 29.

{¶ 44} We acknowledge that the plain language of R.C. 2711.03 requires a trial court to hold a hearing on a motion to compel arbitration when the arbitration agreement's enforceability is raised. *See Post* at ¶ 29, citing *Maestle* at ¶ 18. In this case, in both of TruNorth's combined motions to stay proceedings and compel arbitration, TruNorth requested a hearing. There is no indication in the record that the trial court held a hearing regarding the enforceability of the arbitration provision in either the first or second civil actions.

{¶ 45} Nevertheless, based on the circumstances present in this case, and for the following three reasons, we are unable to conclude that the trial court's failure to hold an oral or evidentiary hearing constitutes reversible error. *See Moran v. Riverfront Diversified, Inc.*, 197 Ohio App.3d 471, 2011-Ohio-6328, 968 N.E.2d 1, ¶ 12 (2d Dist.). First, both of TruNorth's motions to stay and compel arbitration generically state "Hearing Requested." TruNorth did not specifically request an evidentiary or oral hearing on its motions to stay and compel arbitration.

{¶ 46} In *Chrysler Fin. Servs., Ams., L.L.C. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813, appellants argued that the R.C. 2711.03's language that "[t]he court shall hear the parties" requires trial courts to hold oral or evidentiary hearings. *Id.* at ¶ 15. The Fourth District explained that some Ohio appellate courts, including the Eighth District, have not interpreted the language of R.C. 2711.03 that way. *Id.*, citing *Mattox v. Dillard's, Inc.*, 8th Dist. Cuyahoga No. 90991, 2008-Ohio-6488, ¶ 15, *Liese v. Kent State Univ.*, 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322, ¶ 43, and *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, ¶ 29-30 (5th Dist.). In *Mattox*, this court recognized that a trial court must grant a party's request for an oral hearing under R.C. 2711.03. However, the court explained, "an oral hearing is not mandatory absent a request." *Id.* at ¶ 15. Here, we find that an oral or evidentiary hearing was not mandatory based on TruNorth's general, unspecified request for a "hearing" on its motion to stay and compel.

{¶ 47} Second, the record reflects that the trial court did, in fact, "hear" the parties for purposes of R.C. 2711.03. In both civil actions, the parties fully and thoroughly briefed the enforceability and unconscionability issues pertaining to the arbitration provision. The parties submitted evidence in support of their respective briefs. *See Panzica Constr. Co. v. Zaremba, Inc.*, 8th Dist. Cuyahoga No. 95103, 2011-Ohio-620, ¶ 32-38 (holding that the trial court "heard" the parties for purposes of R.C. 2711.03 based on the fact that the parties were given an opportunity to fully brief the arbitration issue, both parties filed memoranda in support of their

respective positions, and the trial court issued a detailed opinion setting forth the rationale for its decision).

{¶ 48} In *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, the Ninth District recognized that the trial court failed to properly dispose of a motion to compel arbitration because the trial court failed to hold a hearing as required by R.C. 2711.03. *Id.* at ¶ 22-23. Nevertheless, the court proceeded to determine whether the arbitration clause was unconscionable, rather than remanding the matter to the trial court for a hearing, because the trial court afforded appellant the opportunity to conduct discovery and brief the issue of the validity of the arbitration clause, and the trial court issued an order on the arbitration clause based on the briefing. *Id.*; *see Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist. Cuyahoga No. 88948, 2008-Ohio-1820, ¶ 40 (holding that an evidentiary hearing on a motion to compel arbitration was not necessary because the trial court could adequately determine the arbitration issue based on parties' briefs and the evidence in the record).

{¶ 49} In the instant matter, both parties had an opportunity to brief the arbitration and unconscionability issues in both civil actions. The parties had an opportunity to submit, and did submit, evidence to the trial court in support of their respective positions. Based on the briefing and supporting evidence submitted by the parties, the trial court had an adequate record before it to determine if the arbitration agreement was valid and enforceable.

{¶ 50} Here, like *Panzica Constr.*, 8th Dist. Cuyahoga No. 95103, 2011-Ohio-620, the trial court in the second case fully and thoroughly considered the issues of enforceability and unconscionability and issued a detailed decision based on the parties' briefs and supporting evidence. The trial court specifically referenced LaBryer's affidavit in concluding that the arbitration provision was substantively and procedurally unconscionable.

{¶ 51} For all of the foregoing reasons and based on the totality of the circumstances present in this case, we find that the trial court "heard" the parties for purposes of R.C. 2711.03, and had an adequate record based upon which to determine whether the arbitration provision was valid and enforceable. Based on the record before this court, we cannot conclude that the trial court's failure to conduct an evidentiary or oral hearing constitutes reversible error or that a remand for a hearing is necessary.

{¶ 52} TruNorth's second assignment of error is overruled.

### C. Enforcement of Dispute Resolution Provision

{¶ 53} In its third assignment of error, TruNorth argues that the trial court erred in refusing to enforce the arbitration provision or the forum selection clause in the warranty agreement's dispute resolution provision.

### 1. Arbitration Provision

{¶ 54} In Ohio, there is a strong public policy favoring arbitration of disputes. Ohio courts have recognized a "'presumption favoring arbitration'" that arises "'when the claim in dispute falls within the scope of the arbitration provision.'"

*Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884

N.E.2d 12, ¶ 27, quoting *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700

N.E.2d 859 (1998). "[A]lthough arbitration is encouraged as a method to settle

disputes, an arbitration clause is not enforceable if it is found to be unconscionable."

*Felix v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga Nos. 86990 and 86991, 2006-

Ohio-4500, ¶ 15.

> This court applies an abuse of discretion standard when addressing whether a trial court has properly granted a motion to stay litigation pending arbitration. [*Seyfried v. O'Brien*, 2017-Ohio-286, 81 N.E.3d 961, ¶ 18 (8th Dist.)], citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. This court applies a de novo standard of review, however, when reviewing the scope of an arbitration agreement, that is, whether a party has agreed to submit a certain issue to arbitration. *Seyfried* at *id.*, citing *McCaskey* at *id.* This court also applies a de novo standard of review over a trial court's decision on unconscionability of an arbitration clause. *Seyfried* at *id.*, citing *McCaskey* at ¶ 8, citing *Taylor Bldg.* Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

*Sebold v. Latina Design Build Group, L.L.C.*, 8th Dist. Cuyahoga No. 109362, 2021-

Ohio-124, ¶ 10.

**{¶ 55}** As noted above, the trial court concluded that the arbitration

provision was both procedurally and substantively unconscionable.

> Unconscionability embodies two separate concepts: (1) unfair and unreasonable contract terms, i.e., substantive unconscionability; and (2) an absence of meaningful choice on the part of one of the parties, i.e., procedural unconscionability. *Taylor Bldg.*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 34. A party asserting the unconscionability of a contract "must prove a quantum of both substantive and procedural unconscionability." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 30;

*Taylor Bldg.* at *id.* These two concepts create a two-prong conjunctive test for unconscionability. *Gates v. Ohio Sav. Assn.*, 11th Dist. Geauga No. 2009-G-2881, 2009-Ohio-6230, ¶ 47; *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1994). Again, we review whether an arbitration agreement is enforceable in light of a claim of unconscionability using a de novo standard of review. *Hayes* at ¶ 21, citing *Taylor Bldg.* at ¶ 37.

*Sebold* at ¶ 24. "'A determination of unconscionability is a fact-sensitive question that requires a case-by-case review of the surrounding circumstances.'" *Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 08CA009320, 2008-Ohio-5394, ¶ 8, quoting *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841 (9th Dist.); *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, ¶ 44.

### a. Procedural Unconscionability

{¶ 56} Procedural unconscionability pertains to the circumstances surrounding the transaction. *Dozier v. Credit Acceptance Corp.*, 2019-Ohio-4354, 135 N.E.3d 804, ¶ 15 (8th Dist.) In determining whether an arbitration agreement is procedurally unconscionable, courts consider the relative bargaining positions of the parties including each party's age, education, intelligence, experience, and which party that drafted the contract. *Taylor Bldg.* at ¶ 44. Additionally, the following factors may contribute to a finding that an arbitration agreement is procedurally unconscionable:

> "belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his [or her]

interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors."

*Taylor Bldg.* at ¶ 44, quoting Restatement of the Law 2d, Contracts, Section 208, Comment d (1981).

{¶ 57} Procedural unconscionability also considers "'*whether the terms were explained to the weaker party*, [and] whether alterations in the printed terms were possible[.]'" (Emphasis added.) *Wallace* at ¶ 21, quoting *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993). "The crucial question is whether a party, considering his education or lack of it, *had a reasonable opportunity to understand the terms of the contract*, or were the important terms hidden in a maze of fine print." (Emphasis added.) *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 19 (8th Dist.).

{¶ 58} In the instant matter, in opposing TruNorth's motion to compel, AJZ asserted that (1) AJZ did not receive the TruNorth warranty agreement from Premier until four days after accepting delivery of the truck on October 25, 2018, (2) Premier sent the warranty agreement to AJZ via email (rather than providing it to AJZ to review in person at the time of the purchase or delivery), and (3) neither Premier nor TruNorth informed AJZ that the warranty agreement contained an arbitration provision or a forum selection clause. In support of its unconscionability argument, AJZ submitted LaBryer's affidavit.

{¶ 59} LaBryer averred that "AJZ's is a small family business whose sole members and employees are my husband, Rick LaBryer, and me." She stated that

AJZ purchased the truck on October 12, 2018, and received the truck on October 25, 2018. On October 29, 2018, four days after paying for and accepting delivery of the truck, AJZ received — for the first time — the TruNorth warranty agreement from Premier via email. LaBryer averred, in relevant part, that

a. [n]either Premier nor TruNorth ever informed [AJZ] that the TruNorth Warranty Agreement contained an arbitration provision calling for arbitration in Mecklenburg County, North Carolina, or even that the TruNorth Warranty Agreement contained any arbitration provision at all.

b. Neither Premier nor TruNorth ever explained the arbitration provision to [AJZ] or provided [AJZ] with any information about arbitration proceedings.

c. [AJZ] has never been involved in arbitration proceedings, does not know anything about the arbitration process, and does not even know what the term "arbitration" means.

d. [AJZ] was not informed, and did not understand, that the arbitration provision made arbitration in North Carolina the only method by which [AJZ] could enforce TruNorth's obligations under the TruNorth Warranty Agreement.

e. [AJZ] was never informed that arbitration proceedings involved significant fees and expenses which did not exist in court proceedings, including much higher filing fees, administrative and hearing fees, deficient filing fees, and arbitration compensation and expenses.

f. [AJZ] was unaware that it had any rights to object to or modify the arbitration provision in the TruNorth Warranty Agreement. In fact, [AJZ] had no objection or modification right at all, in that it was not provided with the TruNorth Warranty Agreement until four days after it had already paid for and taken delivery of the Truck.

g. [AJZ] did not understand that is was giving up certain appeal and other right as a result of the arbitration provision in the TruNorth Warranty Agreement.

Finally, LaBryer asserted that AJZ was not represented by counsel in relation to either the purchase agreement with Premier or the TruNorth Warranty Agreement.

{¶ 60} TruNorth had the opportunity to present evidence contradicting or refuting LaBryer's affidavit in support of its motion to stay and compel arbitration, or in its reply brief. However, TruNorth failed to take advantage of these opportunities. As a result, LaBryer's assertions were undisputed.

{¶ 61} After reviewing the record, and based on LaBryer's affidavit, we find that the arbitration agreement is procedurally unconscionable. LaBryer did not have an opportunity to understand the terms of the arbitration provision because it was not presented or explained to her at the time of purchase or delivery. Rather, the arbitration agreement was on the last page of the warranty agreement that AJZ received via email four days after receiving the truck. *See Schwartz v. Alltel Corp.*, 8th Dist. Cuyahoga No. 86810, 2006-Ohio-3353, ¶ 34-35 (this court concluded that an arbitration was procedurally unconscionable because it was "adhesive in nature," presented on a "take-it-or-leave it basis," and the arbitration agreement was hidden in "small, hard-to-read print * * * at the very bottom of the back side of the agreement."); *Dozier*, 2019-Ohio-4354, 135 N.E.3d 804, at ¶ 24 (finding that an arbitration clause was not procedurally or substantively unconscionable where notice of the arbitration agreement was conspicuously displayed on the first page of the contract, and the arbitration clause afforded Dozier the right to reject it).

{¶ 62} TruNorth argues that AJZ is a commercial entity rather than an ordinary or naive consumer. This argument is unsupported by LaBryer's affidavit.

As noted above, LaBryer averred that AJZ is a family-owned small business that is run entirely by LaBryer and her husband. Furthermore, LaBryer asserted that AJZ (her and her husband) are unfamiliar with the arbitration process and have never been involved in arbitration.

{¶ 63} For all of the foregoing reasons, the trial court did not err in finding the arbitration agreement to be procedurally unconscionable. Under these circumstances, the trial court reasonably concluded that AJZ was unaware that the TruNorth warranty agreement contained an arbitration provision, and as a result, there was no meeting of the minds with respect to the arbitration provision. "Procedural unconscionability concerns the formation of the agreement, and occurs *where no voluntary meeting of the minds was possible.*" (Emphasis added.) *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, ¶ 10 (9th Dist.), citing *Bushman v. MFC Drilling*, 9th Dist. Medina No. 2403-M, 1995 Ohio App. LEXIS 3061, 7-8 (July 19, 1995), and *Collins*, 86 Ohio App.3d at 834, 621 N.E.2d 1294.

### b. Substantive Unconscionability

{¶ 64} Substantive unconscionability pertains to the terms of the arbitration agreement and whether those terms are unfair and unreasonable. *Collins* at 834. These factors may include: "the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." *Id.*

{¶ 65} "There is a point at which the costs of arbitration could render a clause unconscionable as a matter of law." *Neel v. A. Perrino Constr., Inc.*, 2018-Ohio-1826, 113 N.E.3d 70, ¶ 18 (8th Dist.). The party claiming substantive unconscionability on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs. *Green Tree Fin. v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

{¶ 66} In the instant matter, the arbitration provision provides that the parties will equally pay the costs of the three arbitrators, and that the in-person arbitration hearing will take place in North Carolina. After reviewing the record, we find that the prohibitively expensive costs of arbitration would effectively deny AJZ its day in court.

{¶ 67} The dispute between AJZ and TruNorth in this lawsuit involves $25,000. There is nothing in the arbitration provision laying out, limiting, or capping the costs of the three-arbitrator panel. AJZ asserted during oral arguments that the arbitration filing fee alone would be $2,500. Furthermore, pursuant to the terms of the arbitration provision, AJZ, a Pennsylvania limited liability company, would bear the expenses of traveling to North Carolina, along with any witnesses or legal representation, for the in-person arbitration hearing.

{¶ 68} For all of the foregoing reasons, the trial court did not err in finding the arbitration agreement to be substantively unconscionable.

## 2. Forum Selection Provision

{¶ 69} This court reviews the enforceability of a forum selection clause de novo. *Original Pizza Pan v. CWC Sports Group, Inc.*, 194 Ohio App.3d 50, 2011-Ohio-1684, 954 N.E.2d 1220, ¶ 10 (8th Dist.), citing *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1104 (6th Cir.1997), and *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir.1995). AJZ, as the party challenging the forum selection clause, bears a heavy burden of establishing that it should not be enforced. *Original Pizza Pan* at *id.*, citing *Discount Bridal Servs. v. Kovacs*, 127 Ohio App.3d 373, 376-377, 713 N.E.2d 30 (8th Dist.1998), and *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

{¶ 70} Forum selection clauses are "prima facie valid in the commercial context, so long as *the clause has been freely bargained for*," there is no evidence of fraud or overreaching, and "*unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.*" (Emphasis added.) *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp.*, 66 Ohio St.3d 173, 175-176, 610 N.E.2d 987 (1993). Furthermore, in the commercial context, forum selection clauses should be upheld "so long as *enforcement does not deprive litigants of their day in court.*" (Emphasis added.) *Id.*

{¶ 71} In the instant matter, as set forth in our analysis of the validity of the arbitration provision, we find that the forum selection provision in this case was not freely bargained for by AJZ, and enforcement of the forum selection provision would be unjust and unreasonable, effectively denying AJZ its day in court. LaBryer was

neither advised nor aware that the warranty agreement contained a forum selection clause. AJZ did not receive the warranty agreement until four days after accepting delivery of the truck.

{¶ 72} AJZ is a Pennsylvania limited liability company. The other company involved in the transaction, Premier, is an Ohio-based company. It would be unreasonable, unjust, and prohibitively expensive to require AJZ to travel to North Carolina, and bear the costs of transporting witnesses and legal representation to North Carolina, for the in-person arbitration hearing.

{¶ 73} For all of the foregoing reasons, the trial court did not err in concluding that enforcement of the forum selection provision would be unreasonable and unjust.

{¶ 74} TruNorth's third assignment of error is overruled.

{¶ 75} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR